W. J. RAY v. J. A. BEERY, Auditor of Billings County, North Dakota.

(163 N. W. 269.)

**County officers — salaries of — property — assessed valuation of — computed on — state's attorney — exception — county boundaries — change in — immaterial.**

Under the provisions of chapters 112 and 254 of the Laws of 1915, the salaries of the various county officers, with the exception of the state's attorney and the sheriff, for the year 1916, in the county of Billings, should be computed on the basis of the assessed valuation for the year 1915, rather than upon that of the year 1914, and this in spite of the fact that after the year 1914 the county was reduced in size by the setting off and creation of Slope county.

Opinion filed May 12, 1917.

Appeal from the District Court of Billings County, *W. C. Crawford,* J.

Action to restrain the county auditor of Billings county from paying the salaries of certain county officers for the year 1916 according to the assessed valuation for the year 1914.

Judgment for plaintiff. Defendant appeals.

Affirmed.

*W. J. Ray,* for respondent.

*J. K. Swihart,* for appellant.

BRUCE, Ch. J.   W. J. Ray, the plaintiff and respondent herein, being a taxpayer of the county of Billings and state of North Dakota, prosecutes this action for the purpose of restraining the county auditor of the county of Billings from paying the salaries of the various county officers (with the exception of the state's attorney and the sheriff) their salaries for the year 1916 on the basis of the valuation as handed down by the state board of equalization for the year 1914. He contends that the assessed valuation for the year 1915 should apply and be the basis of the salaries. We are satisfied that plaintiff's contention is correct. Prior to the enactment of chapter 112 of the Laws of 1915 it is clear that the salaries of the county officers involved were rated by the statute

according to the assessed valuation of the preceding year. See article 4, § 3506, Compiled Laws 1913. In chapter 112 of the Session Laws of 1915 the legislature changed the basis of the ascertainment of the salaries of the county officers from an assessed valuation to a population basis. It, however, provided that: Section 8. "The provisions of this act *shall not apply to the present term of officers elected or appointed prior to the taking effect of this act: provided* further that the salary of the officers herein enumerated shall be *the same* during the remainder of the term for which they may have been elected or appointed as they are respectively receiving at the time this act takes effect."

The intention of this section, as we construe it, was to continue in force, as far as officers elected or appointed before its passage are concerned, the old basis for the ascertainment of salaries, which was the assessed valuation. The word "same" which is used in the section means the same basis; *viz.,* assessed valuation. The intention was merely that this basis, and not the population basis, should apply to officers already elected. It is also, however, clear to us that the intention was that in no case should either this act or chapter 254 of the Laws of 1915, to which we will afterwards refer, operate to increase the salaries of such county officers beyond that which they would have received under the assessed valuation of 1914 and the then existing statutes.

The defendant and appellant, however, calls special attention to § 2 of chapter 254 of the Laws of 1915, which provides that "no salary of any official now determined by the amount of the assessed valuation of property within any political subdivision shall be increased during the years 1915 and 1916, or prior to July 1st, 1917, beyond the amount now authorized on the basis of assessed valuation for the year 1914."

He maintains that this section makes the assessment of 1914 the basis, and it is particularly relied upon by him as, in the case at bar, the valuation of Billings county for the year 1915 was reduced to a large extent on account of the recent creation of Slope county from a portion of its territory.

As we understand the statutes, however, all that the legislature was interested in was that the increased valuation of the property of the state, which was anticipated at the time of the passage of the acts in

question, should not unduly operate to increase the salaries of the county officials. In spite of that increased valuation, it still contemplated that the salaries of the persons then in office should be on the basis of the assessed valuation. It merely provided that these salaries could in no event exceed the amount which would be received under the valuation for the year 1914. It evidently did not contemplate the contingency of a county being divided so that the assessed valuation of what was left would be less than the valuation of 1914. It still, however, contemplated a salary on the basis of assessed valuation; that is, a salary which was based on the work to be done and the ability of the taxpayers to pay the same.

But it is contended that § 3 of chapter 254 of the Laws of 1915 is applicable in this case, and that the provision therein contained, that "the rights and duties of officers shall not be changed or modified," controls the situation which is before us. It is contended that the defendant, as auditor of Billings county, has a right and duty to perform in connection with the issuing of warrants for the payment of salaries, and that if plaintiff's contention is sustained, this duty would be interfered with.

We do not, however, so read the section. It provides that "when under the laws of this state the duty of any official to levy taxes, or the right, duty or authority of any person to perform any act is conditioned upon the assessed valuation of the property within any political subdivision, the rights, duties and authority as now fixed and established under the assessed valuation of the property within such political subdivision for the year 1914, shall not be in any manner changed or modified during the years 1915 and 1916, or prior to July 1st, 1917, except when the addition of 5 per cent and 10 per cent for the years 1915 and 1916, respectively, to the assessed valuation for the year 1914 would be sufficient to vest such authority, right, or duty, under existing laws."

The right, duty, or authority mentioned in this provision is a right, duty, or authority to perform any act; it is not the right to receive a salary. The duty of the auditor also is merely to issue the warrants for the amount due. The fixing of that amount is not a part of his duties. The provision, therefore, is in no way applicable.

The judgment of the District Court is affirmed.

Robinson, J. (concurring specially). The plaintiff and respondent prosecutes this action as a taxpayer of Billings county to restrain the county auditor from paying to the several county officers (excepting the state's attorney and sheriff) salaries based on the assessment of 1914, and not on the assessment of 1915, which was less than in 1914. The trial court decided in favor of the plaintiff, and the county auditor appeals.

The question is on the salary of the county officers for the year 1916. Whether it should be rated by the assessment of 1914 or the assessment of 1915. The holding of the trial court is that in each year the salary is based on the assessment of the preceding year, and that in 1916 the salary was based on the assessment of 1915.

An assessment is made during the months of April and May of each year, and in August of each year there is a meeting of the state board of equalization to equalize the assessments in the different counties. And so there is in each year an assessment fixed by the state board of equalization, and on the basis of that assessment all taxes are levied and extended.

Prior to the enactment of chap. 112, Laws 1915, it seems that in each year the salary of these county officers was justly rated according to the assessed value of the preceding year, and it is contended that for the year 1916 an exception was made by chap. 112, Laws 1915. The purpose of chap. 112 was to regulate the salary of the several county officers according to the population of the county as shown by the preceding official state and Federal census.

Sec. 8. The provisions of this act shall not apply to the present term of officers elected or appointed prior to the taking effect of this act, and the salary of said officers shall be the same during the remainder of their term for which they have been elected or appointed as they are respectively receiving at the time this act takes effect (which was July 1st, 1915).

Then it is declared that in certain newly organized counties having no adequate assessment on which to base salaries, the act shall take effect and be in force after its passage and approval. The act shows no purpose to change the salaries of those who were then in office. It is claimed that such purpose is shown by § 3, chap. 254, Laws 1915. The title of chap. 254 is: (1) An Act to Limit Tax Levies during the

Years 1915 and 1916; (2) to Restrict Debt Limits; (3) to Regulate Salaries of the Officers and the Rights and Duties of Officials Now Dependent upon Assessed Valuation.

As this act pertains to different subjects, it is in conflict with § 61 of the Constitution, which provides that no act shall have more than one subject, which shall be expressed in its title. Hence, we strike out all that is said concerning chap. 254, and hold that under the statutes the salaries for 1916 were based on the preceding year, which was 1915. The judgment of the District Court is affirmed.